# McBrerty, Appellant, *v.* Hyde.

*Deed—Fraudulent conveyance—Reconveyance—Equity.*

Where a person makes a deed of real estate in order to cheat his creditors, and subsequently directs his grantee to convey the land to a third person with whom the original owner has an arrangement by which such person is to make advances and reconvey the land when the advances have been repaid, the original owner has no standing in equity to compel the heirs of the person who made the advances to reconvey the premises to himself. The original fraud affects the whole transaction.

Argued Jan. 23, 1905.   Appeal, No. 134, Jan. T., 1904, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1901, No. 1477, dismissing bill in equity in case of Charles Mc-Brerty v. Mary B. Hyde et al. and the City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.   Affirmed.

Bill in equity to compel a reconveyance of land.   Before BRÉGY, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*E. Spencer Miller,* and *George Tucker Bispham,* for appellant.

*Walter Thomas Fahy, Horace M. Rumsey,* with them *Thomas A. Fahy,* for appellees.

PER CURIAM, March 6, 1905:

The learned judge below after finding the facts in detail summed up his conclusion as follows; " As I have found the facts, this is the situation: The plaintiff being insolvent and about to fail in business, put the property at Twenty-fourth

and Spring Gardon streets in the name of one Hannah Mc-
Henry, to cheat his creditors.   This was in July, 1888; two
days afterwards he confessed judgment largely in excess of the
value of the property.   Hannah McHenry held the property for
him till March, 1890, when, at Mr. McBrerty's request, she con-
veyed it to Mr. Hyde.   Hyde was to carry it, pay the building
association dues, and other charges, and receive the rents;  when
the building  association stock matured and the mortgage of
$3,000 thus became paid and satisfied, a new loan was to be
created and Hyde paid whatever was coming to him, then the
property was to be reconveyed to McBrerty.

"Hyde died about the time the shares matured.   This is an
effort to have his heirs reconvey on payment to them of what-
ever was due Hyde.   The promise to reconvey was a verbal
one.   The scheme was to get back in 1897, or thereabouts,
property he had conveyed in 1888 in fraud of his creditors.

"The conveyance to Hyde was a continuation of the fraudu-
lent object in view at the time of the conveyance to Mrs. Mc-
Henry.   The law will not enforce agreements made under
such circumstances.

"The fraud at the beginning of the transaction continues
through it all, and I decline to enforce the agreement to re-
convey that Mr. Hyde made.

"Let a decree be drawn dismissing the bill—each side to pay
his own costs."

The findings are justified by the evidence and fully sustain
the conclusion.   Decree affirmed.